INGRAM, Justice.
The Water Works and Sewer Board of the City of Birmingham (“Board”) petitioned for a rule nisi, contending that Charles Wingett had failed to comply with a previous order of the trial court and arguing that he should be adjudged in contempt of court. The trial court held that Wingett was not in violation of the court’s order and denied the Board’s petition for a rule nisi. The Board appeals.
In 1990, Wingett filed a complaint for a declaratory judgment to determine if the construction of his backyard swimming pool and fence interfered with the Board’s sewer line easement located at the rear of Wingett’s property. In October 1991, the trial court issued a final order, finding that the Board had a nonexclusive easement over the back portion of Wingett’s property that included the free right of ingress to and egress from Wingett’s property. Basically, the easement provided that no construction could be done within the easement that would prevent ready access to, or that would interfere with, the Board’s pipelines. The court’s order, in part, is as follows:
“E. That there exists an eight-inch (8") PVC sewer line anywhere from 7 feet to 12 feet deep underneath [Wingett’s] property and [the Board’s] easement which extends entirely across said easement.
[[Image here]]
“G. That [Wingett] has constructed a swimming pool which protrudes across a *1332 very small portion of [the Board’s] easement.
“H. That [Wingett] has also constructed several brick columns over [the Board’s] easement with the intention of later connecting a removable wooden portion thereto for a fence.
[[Image here]]
“P. That [Wingett’s] brick columns unreasonably interfere with the [Board’s] accessibility to do its repair and/or maintenance work at the current time.
“Q. That the construction of [Win-gett’s] swimming pool does not interfere and would not interfere with [the Board’s] use of its easement, nor is it anticipated that it would do so in the future.”
The trial court ordered Wingett to remove the brick columns that were within the Board’s easement. Neither party appealed.
Almost one year after the trial court’s original order, the Board filed this petition for a rule nisi, charging Wingett with violating the previously entered court order. After a hearing on the petition, the same trial judge who had entered the original order denied the Board’s petition. The trial judge noted that since the October 1991 order, Wingett had torn down the brick columns, constructed a wooden fence (with removable panels) around the swimming pool, and extended an apron around the pool. The trial court held that Wingett’s further construction was not in violation of its original order and that the finishing up of the apron around the pool did not in any way deny the Board ready access to its pipeline.
The only issue properly before this Court is whether the trial court abused its discretion in finding that Wingett was not in contempt of court for failing to comply with its prior order. As noted above, neither party appealed from the trial court’s original order (October 1991), and any issue concerning the swimming pool is not before us.
It is well settled that the trial court’s findings of fact are favored with a presumption of correctness, and its judgment based upon those findings will not be disturbed on appeal unless they are shown to be plainly and palpably wrong. Duncan v. Rossuck, 621 So.2d 1313 (Ala.1993).
In the present case, there was evidence to support the trial court’s refusal to hold Win-gett in contempt. Here, the easement is nonexclusive and is merely one of ready access to the Board’s pipelines. The evidence presented at trial was that Wingett had ensured the Board’s ready access to its pipeline and had provided the Board with an unfettered right of ingress to and egress from the property. In other words, the structures erected by Wingett were in accordance with the terms of the easement and did not interfere with or prevent the Board’s ready access to its pipelines. All manner of vehicular traffic can flow easily through the 16-foot gates on either side of the property. Furthermore, the fence is designed with panels that can be removed.
The trial court heard the evidence and concluded that it did not support the Board’s claim that Wingett had violated the previous court order. Given our standard of review, we affirm.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and KENNEDY, JJ., concur.